**Yevgeniy Sergeevich KARAMURZIN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75698.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Christopher A. Kerosky, Esq., Angela Bortel, Esq., Kerosky & Associates, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Jennifer Levings, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM **

Yevgeniy Sergeevich Karamurzin, a native and citizen of Russia, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") order denying his applications for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Smolniakova v. Gonzales,* 422 F.3d 1037, 1044 (9th Cir. 2005), we grant the petition for review, and remand for further proceedings.

■ Substantial evidence does not support the IJ's adverse credibility determination. The IJ concluded that the objective evidence in the record did not show that Baptists were persecuted in Russia. Even if this were true, however, it would not support the adverse credibility finding. *See Zheng v. Ashcroft,* 397 F.3d 1139, 1144 (9th Cir.2005) ("petitioner's testimony must be *inconsistent* with facts contained in the country report or profile before the IJ may discredit the petitioner's testimony") (emphasis added).

The IJ also doubted Karamurzin's credibility because he did not suffer any consequences from failing to perform abortions during his medical studies, and testified that he was only baptized after arriving in the United States. In fact, Karamurzin presented evidence that his failure to perform abortions resulted in adverse professional and educational consequences and, further, that baptism of a person his age was a common practice in his church. In any event, such speculative reasons cannot support an adverse credibility finding. *See, e.g., Lopez–Reyes v. INS,* 79 F.3d 908, 912 (9th Cir.1996); *Shah v. INS,* 220 F.3d 1062, 1071 (9th Cir.2000).

Finally, the IJ faulted Karamurzin for failing to corroborate the incidents of physical abuse he suffered in Russia. Karamurzin, however, did submit several affidavits, police reports and other documentation that corroborate his testimony in all material respects. *See Sidhu v. INS,* 220 F.3d 1085, 1091 (9th Cir.2000) ("where an applicant produces credible corroborating evidence to buttress an aspect of his own testimony, an IJ may not base an adverse credibility determination on the applicant's failure to produce additional evidence that would further support that particular claim.").

■ Substantial evidence also does not support the IJ's finding that, even if credible, the abuse Karamurzin testified to does not rise to the level of persecution. The evidence shows that Karamurzin suffered multiple physical attacks on account of his religion, including a home invasion and severe beatings resulting in a concussion and other trauma to his face and body. Karamurzin was also seriously threatened with physical harm several times if he did not cease his religious activity, including that he would be killed, castrated and have his tongue cut out. Moreover, the local police refused to intervene in any meaningful way to stop these attacks and threats. The totality of these circumstances would compel any reasonable fact-finder to find persecution in this case. *See Smolniakova,* 422 F.3d at 1048–49; *see also Krotova v. Gonzales,* 416 F.3d 1080, 1087 (9th Cir. 2005) (two physical attacks, sustained economic pressure, and restrictions on ability to practice religion compelled a finding of persecution).

■ Because Karamurzin demonstrated past persecution, he is entitled to a presumption of a well-founded fear of perse-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

cution. *See* 8 C.F.R. § 208.13(b)(1). This presumption is overcome if the agency demonstrates that an applicant can reasonably relocate to another part of the applicant's country. *See id.* The IJ found that Karamurzin could relocate to another part of Russia without fear of persecution; however, his conclusion failed to take into account the reasonableness of such relocation. *See Melkonian v. Ashcroft,* 320 F.3d 1061, 1070 (9th Cir.2003) (describing the factors to consider in when evaluating the reasonableness of internal relocation).

Accordingly, we remand to the agency to determine whether, under all of the circumstances, it is reasonable to expect Karamurzin to relocate to another region within Russia. *See id.* at 1072.

■ A finding of past persecution also gives rise to a presumption of withholding of removal. *See Smolniakova,* 422 F.3d at 1053. Because of his finding on the asylum claim, the IJ did not consider Karamurzin's withholding claim. We therefore also remand Karamurzin's withholding claim to the agency so that it may consider whether the government has rebutted the presumption with respect to this claim. *See id.*

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.